Jaime **PESOK**, Plaintiff–Appellant,

v.

Alice **LUTWAK**, Director of
Operations, Defendant,

**Hebrew Union College–Jewish Institute of Religion, Defendant–Appellee.**

No. 03–7009.

United States Court of Appeals, Second Circuit.

Feb. 10, 2004.

Jaime Pesok, Stratford, CT, pro se. Mark E. Brosman, Schulte Roth & Zabel LLP, New York, NY, for Defendant–Appellee.

Present: NEWMAN, KEARSE, and CALABRESI, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Plaintiff–Appellant Jaime Pesok appeals from the decision of the United States District Court for the Southern District of New York (Carter, *J.*), granting summary judgment to defendant-appellant Hebrew Union College—Jewish Institute of Religion ("Hebrew Union"). In 2000, Pesok, a self-described Jewish Caucasian, was demoted from his position as Maintenance Supervisor for the New York campus of Hebrew Union and replaced by a "non-white, non-Jewish" employee. Shortly thereafter, Pesok suffered an injury and took several weeks of leave. He failed to report back or contact the college for more than three days after he was supposed to return to work, and, pursuant to a provision in the Employee Handbook, Hebrew Union deemed him to have abandoned his job. Pesok, brought this suit, alleging that Hebrew Union had discriminated on the basis of race and religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and had violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

In December 2002, the district court granted summary judgment to Hebrew Union. We have considered all of the appellant's claims. Finding them meritless, we AFFIRM for substantially the reasons stated by the court below.[1]

---

1. Pesok's complaints about the performance of his attorney provide no basis for reversal in this civil matter. *See, e.g., United States v. Coven*, 662 F.2d 162, 176 (2d Cir.1981) (there is no constitutionally guaranteed right to the assistance of counsel in a civil case).